UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PIPER JACOB, INC.,

    Plaintiff,

v.   Case No. 3:22-cv-583-TJC-PDB

OHIO SECURITY INSURANCE
COMPANY,

    Defendant.

## **O R D E R**

This case is before the Court on Defendant Ohio Security Insurance Company's Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement (Doc. 6). Plaintiff Piper Jacob, Inc. has responded. (Doc. 14).

**I.   BACKGROUND**

Piper Jacob alleges that it had an insurance contract with Ohio Security, purchased before November 2018. (Doc. 3 ¶ 4). This policy covered Piper Jacob's commercial property against property damage. Id. In November 2018, Piper Jacob's property was damaged. Id. ¶ 5. Ohio Security refused to pay. Id. ¶¶ 12–13. Piper Jacob now sues for breach of contract. Id. ¶ 13.

Piper Jacob attaches two documents to its complaint: a claim denial letter and the insurance contract. (Docs. 3-1–3-3). The denial letter says more about the commercial property (signs manufactured for Piper Jacob's client), the

circumstances of the property damage (ink separating from the signs), and the nature of the loss (the client demanding replacement of the signs). (Doc. 3-1 at 2). The contract further indicates that Ohio Security covered Piper Jacob's "sign painting and lettering and installation" business and indicates applicable exclusions and extensions. See (Doc. 3-2 at 19–36, 71–72).

Ohio Security moves to dismiss the complaint, or, alternatively for a more definite statement. (Doc. 6). It argues that the complaint is threadbare, mostly conclusory, and fails to identify the specific facts establishing the elements of breach of contract. Id. at 4–8. Further, Ohio Security argues that the complaint should specify the portions of the contract which are at issue, especially because the complaint's allegations might implicate multiple theories of coverage. Id. at 8–11.

## II. DISCUSSION

Dismissal for failure to state a claim is inappropriate if the allegations, viewed in the light most favorable to the plaintiff, "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A facially plausible claim need only provide enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Likewise, a motion for a more definite statement is appropriate only when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a

response." FED. R. CIV. P. 12(e). The Court finds that dismissal or repleading are not necessary here.

Though the complaint is spartan, its attachments provide enough detail to determine the nature of alleged insurance coverage, the property damage involved, and provisions of the insurance contract which allegedly apply. See, e.g., (Doc. 3-1 at 2–5); (Doc. 3-2 at 71–72); (Doc. 3-3 at 40). Taking the attachments together with the complaint, Piper Jacob pleads facts sufficient to allege the existence of a contract, a material breach of the contract, and resulting damages. See Urogynecology Specialist of Fla. LLC v. Sentinel Ins. Co, 489 F. Supp. 3d 1297, 1301 (M.D. Fla. 2020); Beck v. Lazard Freres & Co., 175 F.3d 913, 914 (11th Cir. 1999); F.T.C. v. AbbVie Products LLC, 713 F.3d 54, 63 (11th Cir. 2013) (facts from exhibits attached to the complaint are treated as part of the complaint and can override general and conclusory allegations in the complaint). Thus, the Court does not find that the complaint is so vague as to require dismissal or a more definite statement.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement (Doc. 6) is **DENIED**.

2. Defendant shall answer the Complaint (Doc. 3) no later than **December 16, 2022**.

3

3.     The parties shall jointly file a Case Management Report consistent with Local Rule 3.02 no later than **December 16, 2022**.

**DONE AND ORDERED** in Jacksonville, Florida the 18th day of November, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

rmv
Copies to:
Counsel of record

4